**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| MICHAEL KENT, Individually and On Behalf of All Others Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. _____ |
| v. | ) ) | JURY TRIAL DEMANDED |
| INNOPHOS HOLDINGS, INC., GARY CAPPELINE, JANE HILK, KIM ANN MINK, LINDA MYRICK, KAREN OSAR, JOHN M. STEITZ, PETER T. THOMAS, and ROBERT J. ZATTA, | ) ) ) ) ) ) ) | CLASS ACTION |
| Defendants. | ) ) | |

## COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE OF THE ACTION

1.      This action stems from a proposed transaction announced on October 21, 2019 (the "Proposed Transaction"), pursuant to which Innophos Holdings, Inc. ("Innophos" or the "Company") will be acquired by Iris Parent LLC and Iris Merger Sub 2019, Inc., which are affiliates of One Rock Capital Partners, LLC (collectively, "One Rock").

2.      On October 20, 2019, Innophos's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with One Rock.  Pursuant to the terms of the Merger Agreement, Innophos's stockholders will receive $32.00 in cash for each share of Innophos common stock they own.

3.     On November 14, 2019, defendants filed a proxy statement (the "Proxy Statement") with the United States Securities and Exchange Commission (the "SEC") in connection with the Proposed Transaction.

4.     The Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading.  Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Proxy Statement.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6.     This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.     Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8.     Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Innophos common stock.

9.     Defendant Innophos is a Delaware corporation and maintains its principal executive offices at 259 Prospect Plains Road, Cranbury, New Jersey 08512.  Innophos's common stock is traded on the NASDAQ Global Select Market under the ticker symbol "IPHS."

10.     Defendant Gary Cappeline is a director of the Company.

11.     Defendant Jane Hilk is a director of the Company.

12.     Defendant Kim Ann Mink is Chief Executive Officer, President, and Chairman of the Board of the Company.

13.     Defendant Linda Myrick is a director of the Company.

14.     Defendant Karen Osar is a director of the Company.

15.     Defendant John M. Steitz is a director of the Company.

16.     Defendant Peter T. Thomas is a director of the Company.

17.     Defendant Robert J. Zatta is a director of the Company.

18.     The defendants identified in paragraphs 10 through 17 are collectively referred to herein as the "Individual Defendants."

## CLASS ACTION ALLEGATIONS

19.     Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of Innophos (the "Class"). Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

20.     This action is properly maintainable as a class action.

21.     The Class is so numerous that joinder of all members is impracticable. As of October 17, 2019, there were approximately 19,690,774 shares of Innophos common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

22.     Questions of law and fact are common to the Class, including, among others, whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

23.     Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature.  Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

24.     The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

25.     Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class.  Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

### *Background of the Company and the Proposed Transaction*

26.     Innophos is a leading international producer of essential ingredients.

27.     The Company partners with world-leading health and nutrition, food and beverage, and industrial brands to create science-based solutions that improve quality of life.

28.     Headquartered in Cranbury, New Jersey, Innophos has manufacturing operations in the United States, Canada, Mexico, and China.

29.     On October 20, 2019, Innophos's Board caused the Company to enter into the Merger Agreement.

30.     Pursuant to the terms of the Merger Agreement, Innophos's stockholders will receive $32.00 in cash for each share of Innophos common stock they own.

31.     According to the press release announcing the Proposed Transaction:

Innophos Holdings, Inc. ("Innophos" or the "Company") (NASDAQ:IPHS), a leading international producer of essential ingredients, today announced that it has entered into a definitive agreement with an affiliate of One Rock Capital Partners, LLC ("One Rock"), a leading middle-market private equity firm, whereby One Rock will acquire all of Innophos' outstanding shares for $32.00 per share in cash in a transaction valued at approximately $932 million, including the assumption of debt. The transaction has been unanimously approved by Innophos' Board of Directors. . . .

Under the terms of the definitive agreement, the Company has suspended the payment of all dividends.

The transaction will be financed through a combination of committed equity financing provided by affiliates of One Rock, as well as committed debt financing from several financial institutions.

The closing of the transaction is expected to occur in the first quarter of 2020, subject to stockholder and regulatory approvals and the satisfaction of customary closing conditions. Upon the completion of the transaction, Innophos will become a privately held company and shares of Innophos' common stock will no longer be listed on any public market.

Lazard is acting as exclusive financial advisor to Innophos, and Baker Botts LLP is acting as its legal counsel. Latham & Watkins LLP is acting as legal counsel to One Rock, and RBC Capital Markets, LLC is acting as its financial advisor with respect to the transaction.

### *The Proxy Statement Omits Material Information, Rendering It False and Misleading*

32.     Defendants filed the Proxy Statement with the SEC in connection with the Proposed Transaction.

33.     As set forth below, the Proxy Statement omits material information respect to the Proposed Transaction, which renders the Proxy Statement false and misleading.

34.     First, the Proxy Statement omits material information regarding the Company's financial projections.

35.     The Proxy Statement fails to disclose, for each set of projections: (i) all line items used to calculate (a) adjusted EBITDA and (b) unlevered free cash flow; and (ii) a reconciliation of all non-GAAP to GAAP metrics.

36.     The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

37.     Second, the Proxy Statement omits material information regarding the analyses performed by the Company's financial advisor in connection with the Proposed Transaction, Lazard Frères & Co. LLC ("Lazard").

38.     With respect to Lazard's Precedent Transactions Valuation Analysis, the Proxy Statement fails to disclose the individual multiples and metrics for the transactions observed by Lazard in the analysis.

39.     With respect to Lazard's Discounted Cash Flow Analysis, the Proxy Statement fails to disclose: (i) all line items used to calculate unlevered free cash flow; (ii) the terminal values for the Company; (iii) the individual inputs and assumptions underlying the discount rates ranging from 7.75% to 8.75% and the perpetual growth rate of 0% to 0.5%; and (iv) estimated net debt.

40.     With respect to Lazard's Present Value of Future Share Price analysis, the Proxy Statement fails to disclose: (i) projected net debt; (ii) projected dividends; (iii) Lazard's basis for applying a range of illustrative next fiscal year (or FY+1) EV / EBITDA multiples of 6.0x to 7.5x; and (iv) the individual inputs and assumptions underlying the discount rate of 11.9%.

41.     When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and

range of ultimate values generated by those analyses must also be fairly disclosed.

42.     Third, the Proxy Statement fails to disclose the timing and nature of the past services Lazard provided to the parties to the Merger Agreement and their affiliates.

43.     Full disclosure of investment banker compensation and all potential conflicts is required due to the central role played by investment banks in the evaluation, exploration, selection, and implementation of strategic alternatives.

44.     The omission of the above-referenced material information renders the Proxy Statement false and misleading, including, *inter alia*, the following sections of the Proxy Statement: (i) Background of the Merger; (ii) Reasons for the Merger; Recommendation of the Board; (iii) Opinion of the Company's Financial Advisor – Lazard Frères & Co. LLC; and (iv) Certain Financial Projections.

45.     The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Innophos**

46.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

47.     The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading.  Innophos is liable as the issuer of these statements.

48.     The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants

were aware of this information and their duty to disclose this information in the Proxy Statement.

49.     The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

50.     The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.   In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

51.     The Proxy Statement is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

52.     By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

53.     Because of the false and misleading statements in the Proxy Statement, plaintiff and the Class are threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants

54.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

55.     The Individual Defendants acted as controlling persons of Innophos within the meaning of Section 20(a) of the 1934 Act as alleged herein.  By virtue of their positions as officers and/or directors of Innophos and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that

plaintiff contends are false and misleading.

56.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

57.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.  The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.  They were thus directly involved in the making of the Proxy Statement.

58.     By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the 1934 Act.

59.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.  As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A.     Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.       In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.       Directing the Individual Defendants to disseminate a Proxy Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.       Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.       Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.       Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: November 25, 2019

**RIGRODSKY & LONG, P.A.**

By:   */s/ Gina M. Serra*
    Brian D. Long (#4347)
    Gina M. Serra (#5387)
    300 Delaware Avenue, Suite 1220
    Wilmington, DE 19801
    Telephone: (302) 295-5310
    Facsimile: (302) 654-7530
    Email: bdl@rl-legal.com
    Email: gms@rl-legal.com

**OF COUNSEL:**

**RM LAW, P.C.**
Richard A. Maniskas
1055 Westlakes Drive, Suite 300
Berwyn, PA 19312
Telephone: (484) 324-6800
Facsimile: (484) 631-1305
Email: rm@maniskas.com

*Attorneys for Plaintiff*